**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4511

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

GABRIEL ESPITIA ESCANDON,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:17-cr-00310-TMC-1)

Submitted:  January 22, 2019      Decided:  January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gabriel Espitia Escandon appeals his 24-month sentence imposed following his guilty plea to possession of a firearm by an alien unlawfully present in the United States, in violation of 18 U.S.C. § 922(g)(5) (2012), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Escandon's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the adequacy of the district court's sentencing explanation. Although notified of his right to do so, Escandon has not filed a pro se supplemental brief, and the Government has elected not to respond to the *Anders* brief. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we consider, among other things, whether the district court adequately explained the chosen sentence, *see id.* at 51, and whether the court addressed any nonfrivolous arguments for a different sentence, *see United States v. Blue*, 877 F.3d 513, 518-19 (4th Cir. 2017). The sentencing explanation need not be extensive as long as we are satisfied that the district court "has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, after properly considering Escandon's personal background and noting the need for the sentence to satisfy several of the goals listed in 18 U.S.C. § 3553(a) (2012), the district court imposed Escandon's requested sentence of 24 months' imprisonment.

We conclude that the district court's sentencing explanation, "though brief, was legally sufficient." *Rita*, 551 U.S. at 356.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm Escandon's judgment. This court requires that counsel inform Escandon, in writing, of the right to petition the Supreme Court of the United States for further review. If Escandon requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Escandon.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*